**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | |
|---|---|
| **CHERRY M. MARSHALL,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | Case No. 05-CV-2053 |
| ) | |
| **ILLINOIS DEPARTMENT OF** ) | |
| **CORRECTIONS, AMERICAN** ) | |
| **FEDERATION OF STATE, COUNTY,** ) | |
| **AND MUNICIPAL EMPLOYEES COUNCIL** ) | |
| **31, AFL-CIO, and DAVID BRENNEISEN,** ) | |
| **Individually and as President of AFSCME** ) | |
| **Local 3782,** ) | |
| ) | |
| **Defendants.** ) | |

## OPINION

A Report and Recommendation (#26) was filed by Magistrate Judge David G. Bernthal in the above cause on August 2, 2005. Judge Bernthal recommended that the Motion to Dismiss (#6) filed by Defendants American Federation of State, County and Municipal Employees Council 31, AFL-CIO (AFSCME) and David Brenneisen should be GRANTED in part and DENIED in part. On August 11, 2005, Defendants filed their Objections to the Report and Recommendation (#27). Defendants argued that their Motion to Dismiss should be granted and Plaintiff's Complaint against them should be dismissed. Following this court's careful and thorough de novo review, this court agrees with Defendants that their Motion to Dismiss should be granted.

## BACKGROUND

On February 25, 2005, Plaintiff, Cherry M. Marshall, filed her Complaint (#1) in this case which alleged discrimination pursuant to Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e-5). Plaintiff did not designate the Illinois Department of Corrections (IDOC) or the State of Illinois Department of Central Management Services (CMS) as Defendants in the caption of her Complaint, but identified both IDOC and CMS as Defendants in the body of her Complaint. Plaintiff did designate AFSCME and Brenneisen as Defendants.

On May 23, 2005, Defendants AFSCME and Brenneisen filed a Motion to Dismiss (#6) and a Memorandum in Support (#7). They argued: (1) Brenneisen should be dismissed as a Defendant because there is no individual liability under Title VII; (2) the Complaint should be dismissed as to AFSCME and Brenneisen because they were not named as respondents in Plaintiff's EEOC charge; (3) the Complaint should be dismissed as to Plaintiff's claim of sex discrimination as this claim is outside the scope of Plaintiff's EEOC charge; and (4) the Complaint should be dismissed for failure to state a claim upon which relief may be granted. Plaintiff filed her Response to the Motion to Dismiss (#22) on June 29, 2005.

The other Defendants in the case also filed various motions in this case. On July 18, 2005, Judge Bernthal filed a Report and Recommendation (#23) regarding the other Defendants' pending motions. On August 2, 2005, this court entered an Order (#25) ruling on those motions. Following this ruling, Defendant IDOC was added as a Defendant in the caption of this case and Defendants CMS, Roger Walker, and Michael Rumman were terminated as Defendants. In addition, Plaintiff's claims related to sex discrimination against Defendant IDOC were dismissed, and Plaintiff's prayers for punitive damages as to Defendant IDOC were stricken.

On August 2, 2005, Judge Bernthal filed his Report and Recommendation (#26) regarding the Motion to Dismiss filed by AFSCME and Brenneisen. Judge Bernthal recommended that Plaintiff's sex discrimination claims should be dismissed because Plaintiff conceded that these claims were outside the scope of her EEOC charge. However, Judge Bernthal concluded that, because AFSCME and Brenneisen were listed as Respondents in the Statement of Charge Particulars, they should not be dismissed on the basis that they were not named in the EEOC charge. Judge Bernthal also recommended that claims against Brenneisen in his individual capacity should be dismissed but further recommended that claims against Brenneisen in his official capacity were actually claims against AFSCME Local 3782 and should not be dismissed. Judge Bernthal finally concluded that Plaintiff had adequately alleged race discrimination and retaliation claims against

AFSCME and Brenneisen (in his official capacity as president of AFSCME Local 3782) so that the Complaint should not be dismissed for failure to state a claim upon which relief may be granted.

On August 11, 2005, Defendants AFSCME and Brenneisen filed their Objections to Magistrate Judge's Report and Recommendation Denying in Part Motion to Dismiss (#27).

## ANALYSIS

In their Objections, Defendants argued that the Complaint should be dismissed as to Brenneisen because individuals are not proper defendants under Title VII. Defendants also argued that the Complaint should be dismissed for failure to state a claim upon which relief may be granted. In addition, Defendants argued that the Complaint should be dismissed as to AFSCME and Brenneisen because they were not named as respondents in the EEOC charge.

This court agrees with Defendants that the Complaint must be dismissed as to AFSCME and Brenneisen because they were not named as respondents on the face of the EEOC charge and did not receive notice of the charge. Therefore, this court does not need to consider the other objections raised by Defendants.

The Seventh Circuit has long held that, ordinarily, a party not named in an EEOC charge may not be sued under Title VII. See Schnellbaecher v. Baskin Clothing Co., 887 F.2d 124, 126 (7th Cir. 1989); Le Beau v. Libby-Owens-Ford Co., 484 F.2d 798, 799 (7th Cir. 1973); see also Olsen v. Marshall & Ilsley Corp., 267 F.3d 597, 604 (7th Cir. 2001). The purpose of the requirement of filing a charge before the EEOC is twofold: first, it serves to notify the charged party of the alleged violation; and, second, it gives the EEOC an opportunity for conciliation, which effectuates Title VII's primary goal of securing voluntary compliance with its mandates. Schnellbaecher, 887 F.2d at 126; Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130, 657 F.2d 890, 905 (7th Cir. 1981).

In Eggleston, the Seventh Circuit concluded that an exception to the general rule that a party may not be named in the Title VII suit unless it was named in a previous EEOC charge exists "where

an unnamed party has been provided with adequate notice of the charge, under circumstances where the party has been given the opportunity to participate in conciliation proceedings aimed at voluntary compliance." Eggleston, 657 F.2d at 905. In Eggleston, five plaintiffs filed a discrimination lawsuit against the Plumbers' Local Union No. 130, the Plumbing Contractors Association of Chicago and Cook County, and the Joint Apprenticeship Committee Local No. 130 U.A. (JAC). The district court dismissed the plaintiffs' Title VII claim against JAC because the initial EEOC charge did not name JAC as a respondent and the amended charge, which did name JAC, was untimely. Eggleston, 657 F.2d at 905. The Seventh Circuit reversed this ruling, first noting that "[c]omplainants often file EEOC charges without the assistance of counsel and are not versed either in the technicalities of pleading or the jurisdictional requirements of the Act itself." Eggleston, 657 F.2d at 906. The court then concluded that, based upon the record, JAC was sufficiently apprised of the charge to meet the notice requirement. Eggleston, 657 F.2d at 906. The Seventh Circuit noted that five members of the ten person JAC board were appointed by Local 130, which was named as a respondent in the initial EEOC charge. On the date of the charge, these five members were all serving as officers within Local 130. In addition, the charge itself clearly complained of discriminatory exclusion from the apprenticeship program administered by JAC. Eggleston, 657 F.2d at 906. The Seventh Circuit therefore concluded that "JAC knew or should have known of the EEOC charge and that their conduct would be subject to EEOC inquiry." Eggleston, 657 F.2d at 906. The Seventh Circuit further concluded that JAC was presented with a sufficient opportunity to conciliate the charge. Eggleston, 657 F.2d at 907.

The Seventh Circuit reached a different conclusion in Schnellbaecher. In that case, the plaintiffs named their employer in their EEOC charge and did not name the employer's parent corporation as a respondent in the charge. Schnellbaecher, 887 F.2d at 125. The Seventh Circuit noted that the parent corporation determined the employer's personnel policies and that both entities had the same attorneys, so the parent corporation had notice of the charges against the employer.

Schnellbaecher, 887 F.2d at 125. However, the Seventh Circuit concluded that the district court properly dismissed the parent corporation as a defendant in the plaintiffs' Title VII lawsuit. Schnellbaecher, 887 F.2d at 127. The court stated that, although the parent corporation had notice of the charges against the employer, "it did not thereby have any notice of any charges against it, nor did it have any opportunity to conciliate on its own behalf." Schnellbaecher, 887 F.2d at 127 (emphasis in original).

Following Schnellbaecher, district courts have concluded that "it is well established that [a] plaintiff must show that she alluded to the unnamed party in the charge such that the unnamed party had notice of the claim and an opportunity to conciliate on its own behalf." Wells v. Hosp. Group of Ill., Inc., 2003 WL 21704416, at *4 (N.D. Ill. 2003); see also Johnson v. Principi, 2004 WL 2044258, at *3-4 (N.D. Ill. 2004); Bassett v. Sinterloy Corp., 2002 WL 1888477, at *6 (N.D. Ill. 2002); Olsen v. Marshall & Ilsley Corp., 2000 WL 34233699, at *6-7 (W.D. Wis. 2000), aff'd, 267 F.3d 597, 604 (7th Cir. 2001); Sloan v. Clorox Corp., 1999 WL 495900, at *2-3 (N.D. Ill. 1999).

In this case, Plaintiff's charge was prepared by her attorney. On the face sheet of the charge, Plaintiff listed Roger Walker, Director of the Illinois Department of Corrections, and Michael Rumman, Illinois Department of Central Management Services, as Respondents. In a large empty space on the face sheet of the charge, Plaintiff stated "Please see attached statement of charge particulars." Attached to the face sheet was a 15-page statement of charge particulars which, on page 15, listed Plaintiff's attorney's name, address, and telephone number. Page 1 of the statement of charge particulars named AFSCME and Brenneisen as respondents and stated that they were "not listed with IDOC or ICMS in page one of the charge of discrimination."

In their Memorandum in Support of their Motion to Dismiss, Defendants argued that, because they were not named on the face of the charge, there is no evidence that they were served with the charge. Defendants noted that the notice of right to sue issued by the EEOC shows that only an administrator at the State of Illinois' James R. Thompson Center was given notice of the

issuance of the Notice of Right to Sue, presumably on behalf of respondents IDOC and ICMS. Defendants contended that the <u>Eggleston</u> exception does not apply here and that, based upon <u>Schnellbaecher</u>, Plaintiff's Title VII Complaint against them should be dismissed. In response, Plaintiff did not dispute that Defendants were not given notice of the charge. Instead, Plaintiff noted that Defendants were named in the statement of charge particulars. Plaintiff stated that additional parties were included there because they would not fit on the face sheet of the charge. Plaintiff contended that the possible failure of the EEOC to properly process the charge as to Defendants is not chargeable to Plaintiff, citing a district court decision from the Eastern District of Virginia. Plaintiff further noted that the right to sue letter is a condition precedent and not a jurisdictional requirement.

In his Report and Recommendation, Judge Bernthal concluded that Plaintiff listed both Defendants as respondents in the Statement of Charge Particulars and therefore fulfilled the prerequisites to filing suit. Judge Bernthal noted that a Title VII suit can continue even if a defendant did not receive a right-to-sue letter. One of the cases cited in support of this proposition is the case cited by Plaintiff, <u>Burwell v. E. Air Lines, Inc.</u>, 394 F. Supp. 1361 (E.D. Va. 1975). In <u>Burwell</u>, the district court rejected the defendant's argument that the plaintiff's suit was barred because the defendant was never served a copy of the notice of right to sue by the EEOC. <u>Burwell</u>, 394 F. Supp. at 1367. In reaching this conclusion, the court in <u>Burwell</u> stated that the "[f]ailure of the EEOC to comply with the notice requirements should not be determinative of the individual complainant's rights." <u>Burwell</u>, 394 F. Supp. at 1367.

In their Objections, Defendants contend, again, that there is no evidence that they were served with the charge and that the <u>Eggleston</u> exception does not apply here because "the notice of right to sue shows on its face that only the State of Illinois was given notice of the charge."

This court concludes that both Plaintiff and Judge Bernthal may have missed the point as to Defendants' rather inartful argument regarding the notice of right to sue. Defendants are not

contending that Plaintiff's lawsuit should be dismissed against them because they were not served with a copy of the notice of right to sue. Instead, Defendants are arguing that Plaintiff's Complaint against them should be dismissed based upon Eggleston and Schnellbaecher because they did not receive notice of Plaintiff's EEOC charge. Defendants have essentially argued that the fact that they were not served with the notice of right to sue is evidence that they were not considered respondents by the EEOC and were not given notice of the charge.

Based upon the well-established case law in the Seventh Circuit, this court agrees with Defendants that Plaintiff's Complaint against them must be dismissed. There is no dispute that the face of the EEOC charge does not name Defendants as respondents. Plaintiff also does not dispute that there is no evidence that Defendants were given notice of the charge. Therefore, Plaintiff has not shown that Defendants were given notice of the charge and the opportunity to participate in conciliation proceedings before the EEOC. This court notes that Plaintiff's charge was prepared by her attorney, so the concern expressed by the court in Eggleston regarding lack of knowledge of the "technicalities of pleading or the jurisdictional requirements of the Act itself" does not apply here. This court concludes that it would have been a simple matter to name AFSCME and Brenneisen as respondents on the face of the charge, thereby assuring that they received notice of the charge. This court notes that there was ample room on the face of the charge to name additional respondents.

Because AFSCME and Brenneisen did not have notice of Plaintiff's EEOC charge and did not have any opportunity to conciliate in the EEOC on their own behalf, this court concludes that they must be dismissed as Defendants in this case. See Olsen, 267 F.3d at 604; Schnellbaecher, 887 F.2d at 127; Wells, 2003 WL 21704416, at *4; Bassett, 2002 WL 1888477, at *6; Sloan, 1999 WL 495900, at *2-3.

IT IS THEREFORE ORDERED THAT:

(1) The Report and Recommendation (#26) is accepted in part and rejected in part by this court.

(2) The Motion to Dismiss (#6) filed by Defendants AFSCME and Brenneisen is GRANTED. Plaintiff's Complaint is dismissed, with prejudice, as to Defendants AFSCME and Brenneisen, and these Defendants are terminated as Defendants in this case. The only remaining Defendant is the Illinois Department of Corrections.

(3) This case is referred to the Magistrate Judge for further proceedings.

ENTERED this 23rd day of September, 2005

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE